Williams *v.* Vreeland.

SARAH A. WILLIAMS and others

*v.*

CORNELIUS VREELAND and others.

Equity will enforce the performance of an agreement made by the defendant with a testator, that if the latter would bequeath $30,000 to him, instead of $20,000 to him and $10,000 to complainants, he would hold $10,000 thereof in trust for their benefit.

Bill for relief. On general demurrer.

*Mr. B. A. Vail,* for the demurrer.

*Mr. W. H. Vredenburgh, contra.*

THE CHANCELLOR.

This suit is brought to compel the performance of an agreement made by the defendant, Cornelius Vreeland, with his uncle, Henry Frost, now deceased, for the benefit of the complainants, who are the children of Eliza Saunier, sister of the latter.

According to the statements of the bill, Frost, who was a very old man and a bachelor, was possessed of a very large estate, and intended to give it, at his death, by his will, to his nephews and nieces. He had great confidence in Vreeland, who was his nephew. Intending to give to the complainants $10,000 of his estate by his will, he consulted with Vreeland on the subject of the proposed bequest, and the latter told him that he would undertake to pay the money to the complainants if he would make his will and entrust him with the payment of the money, and then promised him that if he would bequeath to him $20,000 for his own benefit, and $10,000 for the complainants, or would entrust him with the share of his estate intended for the complainants, or would include the gift of $10,000 in the bequest to

him, he would collect it and pay it over to the complainants. Acting on this promise, Frost made his will (dated in 1870), by which he bequeathed to Vreeland $30,000, without expressing any trust, and made no bequest to the complainants by name or designation. Frost subsequently told Vreeland that, though he had by the will given him $30,000, he intended $10,000 of that money to go to the complainants, and that he would let the bequest stand as it was, and not revoke or cancel it, or change it so as to express that intention, if Vreeland would pay $10,000 out of it to them. Thereupon Vreeland promised him that he would pay the $10,000 accordingly.

The testator relied and acted upon the promise, and on the faith of it let the bequest remain, and died without changing it. He died in May, 1875. His will was admitted to probate on or about the 1st of September following. Before the will was proved, the complainants, who were considering what action they ought to take to protect their interest in the matter, went to Vreeland and demanded of him that he should declare the trust as to the $10,000 in their favor, and either pay them the money or give them his express promise in writing to do so, and to perform the agreement made by him with the testator for their benefit in reference thereto. He then gave to them an agreement in writing, by which he " certified " that if he should receive $30,000 from the testator's estate, he would pay the complainants $10,000. They accepted the agreement and abandoned their intention of resisting the admission of the will to probate, and of taking proceedings to prevent the payment to Vreeland of the $30,000 until the trust in their favor as to the $10,000 had been declared or established.

Vreeland, taking advantage of this condition of affairs, and conspiring with his children to defeat the trust, assigned the entire legacy, for a nominal consideration, to one of his children, two weeks afterwards, in trust to collect it and divide it equally among all his children, after deducting expenses of collection; and from that time he and his chil-

dren have refused to recognize the obligation to pay the complainants the $10,000, or any part of it. They have collected it, and claim the whole of it as their own property, and refuse to account for or to pay it, or any part of it, to the complainants.

There can be no question that, on the statements of the bill, which must be taken as true on demurrer, the complainants are entitled to the relief which they seek. The promise made by Vreeland is one which will be enforced in equity. He or his children hold the $10,000 in trust for the complainants, and this is the appropriate forum for the establishment and enforcement of the trust. Besides, it is a fraud for Vreeland to have induced the testator to make a bequest to him including money intended by the former for the complainants, at his suggestion and on his promise to pay them that money, after the testator's decease, out of the legacy to him, and then, after receiving the entire legacy, to refuse to pay them the money which he had so promised to pay. *Story's Eq. Jur.*, §§ 252, 256, 781; *Dowd* v. *Tucker*, 41 *Conn.* 197; 2 *Jar. on Wills* 356; *Browne on Frauds*, § 103.

The demurrer will be overruled, with costs.